IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIR TECHNOLOGIES LIMITED,<br><br>               Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>               Defendant. | Case No.  1:26-cv-<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Tir Technologies Limited ("Plaintiff" or "Tir") makes the following allegations against Defendant Netflix, Inc. ("Defendant" or "Netflix"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in processing devices and systems:  United States Patent Nos. 9,800,633 (the "'633 Patent"), 10,484,442 (the "'442 Patent"), and 10,375,444 (the "'444 Patent" and collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Tir Technologies Limited, is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Tir is the sole owner by assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

1

3. On information and belief, Defendant Netflix, Inc. is a Delaware corporation with its principal place of business at 121 Albright Way, Los Gatos, California 95032. Netflix may be served through its registered agent The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because it is a citizen of the State of Delaware. In addition, Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, and selling products and services that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is a resident of Delaware as a Delaware corporation.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 9,800,633)

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,800,633, titled "Just-in-time distributed video cache." The '633 Patent was duly and legally issued by the United

States Patent and Trademark Office on October 24, 2017. The '633 Patent is valid and enforceable. A true and correct copy of the '633 Patent is attached hereto as Exhibit 1.

9. Upon information and belief, Defendant has infringed and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 9,800,633, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendant offers, provides, maintains, operates, and administers optimized streaming video services, including without limitation the Netflix video streaming platform, that perform the steps of the claimed method either directly through Defendant's own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant. By making, using, offering for sale, selling and/or importing into the United States the Netflix video streaming platform, Defendant has injured Plaintiff and is liable for infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

10. The Netflix video streaming platform satisfies all claim limitations of one or more claims of the '633 Patent. A claim chart comparing exemplary independent claim 1 of the '633 Patent to the Netflix video streaming platform is attached as Exhibit 2.

11. Defendant further induces infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Netflix video streaming platform, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '633 Patent and intent that such infringement occur.

12. Defendant also knowingly and intentionally induces infringement of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Defendant has knowledge of the '633 Patent and the infringing nature of the

Netflix video streaming platform through, for example, the '633 Patent claim chart served herewith.  Despite this knowledge of the '633 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Netflix video streaming platform in ways that directly infringe the '633 Patent.  For example, Defendant advertises the benefits of the Netflix video streaming platform.  *See, e.g.,* Ex. 3 (What is Netflix?, available at https://help.netflix.com/en/node/412, last visited January 15, 2026).  Further, Defendant provides customers with instructions and user guides detailing how to setup, configure, and utilize the Netflix video streaming platform to utilize the infringing functionality.  *See, e.g.,* Ex. 4 (Getting started with Netflix, https://help.netflix.com/en/node/102377, last visited January 15, 2026; Ex. 5 (How to download the Netflix app, https://help.netflix.com/en/node/101653, last visited January 15, 2026).  Defendant provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Defendant also continues to make, use, offer for sale, sell, and/or import the Netflix video streaming platform, despite its knowledge of the '633 Patent, thereby specifically intending for and inducing its customers to infringe the '633 Patent through the customers' normal and customary use of the Netflix video streaming platform.

13.   Defendant has also infringed, and continues to infringe, one or more claims of the '633 Patent by selling, offering for sale, or importing into the United States, the Netflix video streaming platform, knowing that it constitutes a material part of the inventions claimed in the '633 Patent, is especially made or adapted to infringe the '633 Patent, and is not a staple article or commodity of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, Defendant has knowledge of the '633 Patent and the infringing nature of the Netflix

video streaming platform through, for example, the '633 Patent claim chart served herewith. Defendant has been, and currently is, contributorily infringing the '633 Patent in violation of 35 U.S.C. §§ 271(c). For example, the accused features of the Netflix video streaming platform constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

14. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '633 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '633 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '633 Patent during the relevant time period or were not required to mark during the relevant time period.

15. As a result of Defendant's direct infringement of the '633 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

16. As a result of Defendant's indirect infringement of the '633 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, accruing as of the time Defendant obtained knowledge of the '633 Patent.

### COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 10,484,442)

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,484,442, titled "Just-in-time distributed video cache." The '442 Patent was duly and legally issued by the United States Patent and Trademark Office on November 19, 2019. The '442 Patent is valid and enforceable. A true and correct copy of the '442 Patent is attached hereto as Exhibit 6.

19. Upon information and belief, Defendant has infringed and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,484,442, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendant offers, provides, maintains, operates, and administers optimized streaming video services, including without limitation the Netflix video streaming platform, that perform the steps of the claimed method either directly through Defendant's own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant. By making, using, offering for sale, selling and/or importing into the United States the Netflix video streaming platform, Defendant has injured Plaintiff and is liable for infringement of the '442 Patent pursuant to 35 U.S.C. § 271(a).

20. The Netflix video streaming platform satisfies all claim limitations of one or more claims of the '442 Patent. A claim chart comparing exemplary independent claim 1 of the '442 Patent to the Netflix video streaming platform is attached as Exhibit 7.

21. Defendant further induces infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Netflix video streaming platform, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '442 Patent and intent that such infringement occur.

22.     Defendant also knowingly and intentionally induces infringement of one or more claims of the '442 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service of this complaint, Defendant has knowledge of the '442 Patent and the infringing nature of the Netflix video streaming platform through, for example, the '442 Patent claim chart served herewith.  Despite this knowledge of the '442 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 7) to use the Netflix video streaming platform in ways that directly infringe the '442 Patent.  For example, Defendant advertises the benefits of the Netflix video streaming platform.  *See, e.g.,* Ex. 3 (What is Netflix?, available at https://help.netflix.com/en/node/412, last visited January 15, 2026).  Further, Defendant provides customers with instructions and user guides detailing how to setup, configure, and utilize the Netflix video streaming platform to utilize the infringing functionality.  *See, e.g.,* Ex. 4 (Getting started with Netflix, https://help.netflix.com/en/node/102377, last visited January 15, 2026;  Ex. 5 (How to download the Netflix app, https://help.netflix.com/en/node/101653, last visited January 15, 2026).  Defendant provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Defendant also continues to make, use, offer for sale, sell, and/or import the Netflix video streaming platform, despite its knowledge of the '442 Patent, thereby specifically intending for and inducing its customers to infringe the '442 Patent through the customers' normal and customary use of the Netflix video streaming platform.

23.     Defendant has also infringed, and continues to infringe, one or more claims of the '442 Patent by selling, offering for sale, or importing into the United States, the Netflix video streaming platform, knowing that it constitutes a material part of the inventions claimed in the '442

Patent, is especially made or adapted to infringe the '442 Patent, and is not a staple article or commodity of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Defendant has knowledge of the '442 Patent and the infringing nature of the Netflix video streaming platform through, for example, the '442 Patent claim chart served herewith. Defendant has been, and currently is, contributorily infringing the '442 Patent in violation of 35 U.S.C. §§ 271(c). For example, the accused features of the Netflix video streaming platform constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 7.

24. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '442 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '442 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '442 Patent during the relevant time period or were not required to mark during the relevant time period.

25. As a result of Defendant's direct infringement of the '442 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

26. As a result of Defendant's indirect infringement of the '442 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, accruing as of the time Defendant obtained knowledge of the '442 Patent.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 10,375,444)

27. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,375,444, titled "Partial video pre-fetch." The '444 Patent was duly and legally issued by the United States Patent and Trademark Office on August 6, 2019. The '444 Patent is valid and enforceable. A true and correct copy of the '444 Patent is attached hereto as Exhibit 8.

29. Upon information and belief, Defendant has infringed and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,375,444, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendant offers, provides, maintains, operates, and administers optimized streaming video services, including without limitation the Netflix video streaming platform, that perform the steps of the claimed method either directly through Defendant's own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant. By making, using, offering for sale, selling and/or importing into the United States the Netflix video streaming platform, Defendant has injured Plaintiff and is liable for infringement of the '444 Patent pursuant to 35 U.S.C. § 271(a).

30. The Netflix video streaming platform satisfies all claim limitations of one or more claims of the '444 Patent. A claim chart comparing exemplary independent claim 1 of the '444 Patent to the Netflix video streaming platform is attached as Exhibit 9.

31. Defendant further induces infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Netflix video streaming platform, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '444 Patent and intent that such infringement occur.

32. Defendant also knowingly and intentionally induces infringement of one or more claims of the '444 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Defendant has knowledge of the '444 Patent and the infringing nature of the Netflix video streaming platform through, for example, the '444 Patent claim chart served herewith. Despite this knowledge of the '444 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 9) to use the Netflix video streaming platform in ways that directly infringe the '444 Patent. For example, Defendant advertises the benefits of the Netflix video streaming platform. *See, e.g.,* Ex. 3 (What is Netflix?, available at https://help.netflix.com/en/node/412, last visited January 15, 2026). Further, Defendant provides customers with instructions and user guides detailing how to setup, configure, and utilize the Netflix video streaming platform to utilize the infringing functionality. *See, e.g.,* Ex. 4 (Getting started with Netflix, https://help.netflix.com/en/node/102377, last visited January 15, 2026; Ex. 5 (How to download the Netflix app, https://help.netflix.com/en/node/101653, last visited January 15, 2026). Defendant provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Netflix video streaming platform, despite its knowledge of the '444 Patent, thereby specifically

intending for and inducing its customers to infringe the '444 Patent through the customers' normal and customary use of the Netflix video streaming platform.

33.     Defendant has also infringed, and continues to infringe, one or more claims of the '444 Patent by selling, offering for sale, or importing into the United States, the Netflix video streaming platform, knowing that it constitutes a material part of the inventions claimed in the '444 Patent, is especially made or adapted to infringe the '444 Patent, and is not a staple article or commodity of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, Defendant has knowledge of the '444 Patent and the infringing nature of the Netflix video streaming platform through, for example, the '444 Patent claim chart served herewith. Defendant has been, and currently is, contributorily infringing the '444 Patent in violation of 35 U.S.C. §§ 271(c).  For example, the accused features of the Netflix video streaming platform constitute a material part of the inventions claimed in the '444 Patent, are especially made or adapted to infringe the '444 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 9.

34.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '444 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '444 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '444 Patent during the relevant time period or were not required to mark during the relevant time period.

35.     As a result of Defendant's direct infringement of the '444 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

36.     As a result of Defendant's indirect infringement of the '444 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, accruing as of the time Defendant obtained knowledge of the '444 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.  A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '633, '442, and '444 Patents under 35 U.S.C. §§ 271(a), (b) and (c);

b.  A judgment and order requiring Defendant to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '633, '442, and '444 Patents;

c.  A judgment and order requiring Defendant to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity;

d.  A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 16, 2026

OF COUNSEL:

Brett E. Cooper (*pro hac vice* pending)
Seth Hasenour (*pro hac vice* pending)
Jonathan Yim (*pro hac vice* pending)
Drew B. Hollander (*pro hac vice* pending)
John F. Petrsoric (*pro hac vice* pending)
BC LAW GROUP, P.C.
200 Madison Avenue, 24th Floor
New York, NY 10016
(212) 951-0100
bcooper@bclgpc.com
shasenour@bclgpc.com
jyim@bclgpc.com
dhollander@bclgpc.com
jpetrsoric@bclgpc.com

=

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
Ronald P. Golden III (No. 6254)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

***Attorneys for Plaintiff***
***Tir Technologies Limited***